UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-132** |
| **OLIVER PIERRE** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or a request for home confinement filed by Petitioner Oliver Pierre.[1] For the reasons that follow, Petitioner's request is **DENIED**.

## BACKGROUND

On June 13, 2019, Petitioner Oliver Pierre pleaded guilty pursuant to a plea agreement to one count of a two-count indictment of Conspiracy to Distribute and Possess with Intent to Distribute Two Hundred Eighty Grams or More of Cocaine Base ("Crack"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846.[2] He was sentenced on December 11, 2019 to imprisonment for a term of 120 months.[3] According to the Government, Petitioner is currently housed at the Yazoo City Federal Correctional Institution-Medium ("Yazoo City FCI").[4] Currently, the Bureau of Prisons reports that 134 inmates and 6 staff have confirmed positive test results for COVID-19, with 0 inmate deaths and 0 staff deaths and with 10 inmate recoveries and 10 staff recoveries.[5]

---

[1] R. Doc. 125. The Government filed an opposition. R. Doc. 128.
[2] R. Docs. 89 and 90.
[3] R. Doc. 119 at 2.
[4] R. Doc. 89 at 1.
[5] *Id.* at 5; *See* https://www.bop.gov/coronavirus/index.jsp (last accessed Dec. 3, 2020).

1

Pierre now moves for compassionate release or release to home confinement, relying on the threat posed by the COVID-19 pandemic.[6]

## LAW AND ANALYSIS

I. **Pierre's Request for compassionate release is denied.**

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[7] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[8]

   A. **Pierre has exhausted administrative remedies.**

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirement of § 3582(c)(1)(A) is met.[9] The exhaustion requirement is mandatory—a court may not modify a term of imprisonment if a defendant has not filed a request with BOP.[10] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[11] the exhaustion requirement of § 3582(c)(1)(A) is satisfied, and the Court may consider a motion for compassionate release filed by the defendant. In its

---

[6] R. Doc. 125.
[7] 18 U.S.C. § 3582(c).
[8] *Id.* § 3582(c)(1)(A).
[9] *See id.*
[10] *United States v. Franco*, 2020 WL 5249369 at *3 (5th Cir. Sept. 3, 2020).
[11] *Id.*

opposition, the Government argues Pierre has failed to exhaust the requirements of § 3582(c)(1)(A).[12] The Court disagrees.

In his motion, Pierre attached a "Request for Administrative Remedy" seeking compassionate release with the Warden of Yazoo City FCI on July 1, 2020.[13] Thirty days have elapsed. Accordingly, the Court finds Pierre has properly exhausted his administrative remedies, and the Court will proceed to evaluating Pierre's request for compassionate release on the merits.[14]

> **B. Pierre has not presented any "extraordinary and compelling reasons" warranting a reduction of his sentence.**

According to § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[15] The United States Sentencing Commission's relevant policy statement, found in § 1B1.13 application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral

---

[12] R. Doc. 128 at 10-12.
[13] R. Doc. 125.
[14] The Government now concedes Pierre has exhausted his administrative remedies.
[15] 18 U.S.C. § 3582(c)(1)(A)(i).

3

>   > sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   >
>   > (ii) The defendant is—
>   >
>   >   > (I) suffering from a serious physical or medical condition,
>   >   >
>   >   > (II) suffering from a serious functional or cognitive impairment, or
>   >   >
>   >   > (III) experiencing deteriorating physical or mental health because of the aging process,
>   >
>   > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>   > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   >
>   > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[16]

Pierre bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[17] Pierre is not suffering from a terminal illness, he is not over 65 years

---

[16] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[17] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020)

4

old,[18] and he has not argued "family circumstances" warrant a sentence reduction.[19] Accordingly, only subsection (D) of the policy statement is relevant.

> **1. Pierre has not presented any other "extraordinary and compelling" reasons warranting a reduction of his sentence.**

Pierre may obtain compassionate release only if the "catchall" provision, included in subsection (D) of the policy statement, is applicable. The "catchall" provision covers "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances.[20]

The Court notes the policy statement, last amended on November 1, 2018, has not been updated since the passage of the First Step Act on December 21, 2018. The First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence. The policy statement provides, "A reduction under this policy statement may be granted *only upon motion by the Director of the Bureau of Prisons.*"[21] As a result of this clear conflict, there is some dispute as to which portions, if any, of the policy statement should continue to apply to § 3582 after the passage of the First Step Act.[22]

For example, disagreements exist over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in subsection (D). Although the First Step Act amended § 3582(c) to allow a defendant, and

---

(holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").

[18] R. Doc. 107. According to the birthday in the Presentence Investigation Report, Pierre is 38 years old.
[19] R. Doc. 125.
[20] *Id.* § 1B1.13 cmt. n.1(D) (U.S. SENTENCING COMM'N 2018).
[21] *Id.* § 1B1.13 cmt. n.4.
[22] *See, e.g.*, *United States v. Brown*, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

not just the BOP, to bring a motion in court arguing extraordinary and compelling reasons warrant a reduction in a defendant's sentence, subsection (D) of the policy statement only permits the BOP to determine what constitutes "extraordinary and compelling reason[s]" under that subsection.[23] Some courts have questioned why a defendant can bring a motion for compassionate release *in court* if the court cannot decide what amounts to extraordinary and compelling reasons for such release. Those courts have held that, pursuant to the policy goals of the First Step Act, not only the BOP but also courts may now determine what constitutes such "other" extraordinary and compelling reasons. As one court put it, "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may be 'extraordinary and compelling.'"[24] Other courts, however, have not broken from the text of subsection (D) as currently written and have held the BOP alone may determine what qualifies as "other" extraordinary and compelling circumstances.[25]

The Supreme Court has held that "commentary in the [U.S. Sentencing] Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." The most natural way to comprehend the policy statement following the amendments to the First Step Act is to avoid inconsistencies by finding that district courts hold the same discretion as the BOP Director in considering compassionate release

---

[23] *See, e.g.*, *United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director.").
[24] *Brown*, 2019 WL 4942051, at *3.
[25] *United States v. Joseph*, No. CR 15-307, 2020 WL 3128845, at *3 (E.D. La. June 12, 2020) ("The Guidelines also identify a category of '[o]ther [r]easons,' but state that such reasons are '[a]s determined by the Director of the Bureau of Prisons.'").

6

motions. It does not stand to reason that courts might be constrained by a policy statement that limits permissible statutory factors for a sentence reduction. The Court finds the new statute supersedes the policy statement in this respect.

In the instant matter, Pierre argues extraordinary and compelling reasons are present for compassionate release because he suffers from immune deficiencies from years of smoking and family history of heart conditions rendering him susceptible to COVID-19.[26] Pierre does not reference any medical records to support his position that he has been diagnosed with any heart conditions or immunodeficiencies.

In its opposition, the Government attaches Pierre's medical records.[27] The only serious medical condition reported is a "1 x 2 cm laceration to the left index finger" sustained on June 16, 2020 while cutting tomatoes.[28] During his physical examination on March 24, 2020, Pierre reportedly denied any cardiovascular, hypertension, and respiratory issues.[29]

Smoking and certain heart conditions are on the CDC's list of COVID-19 risk factors.[30] With respect to smoking, the World Health Organization has recognized that smoking is associated with an increased severity of COVID-19, but "there is no evidence to quantify the risk to smokers of hospitalization with COVID-19."[31] Pierre has not met his burden of showing how his smoking history renders him particularly susceptible to COVID-19. While a serious heart condition is on the CDC's list of factors that may increase

---

[26] R. Doc. 125.
[27] R. Doc. 128-3.
[28] *Id*. at 33, 44.
[29] *Id*. at 68.
[30] Centers for Disease Control, *People with Certain Medical Conditions*, cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[31] World Health Organization, *Smoking and COVID-19*, who.int/news-room/commentaries/detail/smoking-and-covid-19/ (last accessed Dec. 2, 2020).

a person's risk of severe illness due to COVID-19, Pierre has not pointed to evidence establishing he actually suffered a heart attack or suffers any serious heart problems. Pierre has not met his burden of showing he had a heart attack or a serious heart condition.

As a result, the Court finds Pierre has alleged nothing more than "[g]eneral concerns about possible exposure to COVID-19."[32] Even if the Court has the authority to determine what is "extraordinary and compelling" under subsection (D) of the policy statement, the Court does not find Pierre's general concerns warrant compassionate release. Because Pierre has failed to present any "extraordinary and compelling" reasons warranting a reduction in his sentence, he is not entitled to relief under § 3582.

**C. Section 3553(a) factors weigh against reducing Pierre's sentence.**

Even if Pierre had demonstrated "extraordinary and compelling" circumstances warranted a reduction in his sentence, he would nevertheless not be entitled to relief under § 3582. Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

---

[32] *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020).

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]<sup>33</sup>

Having considered the relevant factors under § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh against reducing Pierre's sentence. On October 8, 2020, Pierre was arrested in a sting operation for the delivery of 7.5 ounces of crack cocaine.<sup>34</sup> Prior to the instant conviction, Pierre had several state convictions for drug and firearm offenses.<sup>35</sup> The Court finds that, because Pierre has served only 1 year of his 10-year prison sentence, a reduction of his sentence would not be sufficient to reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offenses, or afford adequate deterrence to criminal conduct. Accordingly, the § 3553(a) factors weigh against reducing Pierre's sentence.

## II. Pierre's Request for Release to Home Confinement under 18 U.S.C. § 4205(g) is Denied

In addition to requesting a reduction in his sentence pursuant to § 3582(c)(1)(A), Pierre alternatively seeks a reduction in his sentence under 42 U.S.C. § 4205(g) that would allow him to serve the remainder of his custodial term in home confinement.<sup>36</sup>

18 U.S.C. § 4205(g) states: "At any time *upon motion of the Bureau of Prisons*, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required."<sup>37</sup> The Court has not received such a motion from the Bureau of Prisons, so the aforementioned statute is not applicable in the instant matter.

---

<sup>33</sup> 18 U.S.C. § 3553(a).
<sup>34</sup> R. Doc. 91.
<sup>35</sup> R. Doc. 107 at 9-11.
<sup>36</sup> R. Doc. 125.
<sup>37</sup> Emphasis added.

District courts may reduce a prison sentence only as permitted by specific statute or rule.[38] 18 U.S.C. § 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment,"[39] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period," under certain circumstances.[40] As a result, BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[41]

Because Pierre seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[42] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district where Pierre is incarcerated. Pierre is incarcerated in Yazoo City, Mississippi. Thus, any such motion must be brought in the United States District Court for the Southern District of Mississippi, which encompasses Yazoo City, Mississippi.

As a result, the Court must deny the instant motion for home confinement, as this Court lacks authority under 18 U.S.C. § 3622 to direct BOP to transfer Pierre to home confinement.

---

[38] *See* Fed. R. Crim. P. 35.
[39] 18 U.S.C. § 3621(b) (emphasis added).
[40] 18 U.S.C. § 3622 (emphasis added).
[41] 18 U.S.C. § 3621(B); *see also United States v. Snead*, 63 F.3d 281, 389 n.6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration").
[42] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

## CONCLUSION

**IT IS ORDERED** that Oliver Pierre's motion for compassionate release is **DENIED**.[43]

**IT IS FURTHER ORDERED** that, in addition to serving a copy of this order to Pierre, the Clerk of Court shall serve a copy of the Government's Opposition[44] by regular mail addressed to him at the following address:

Oliver Pierre
#37308-034
Yazoo City Medium
Federal Correctional Institution
P.O. Box 5888
Yazoo City, Mississippi 39194

New Orleans, Louisiana, this 4th day of December, 2020.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[43] R. Doc. 125.
[44] R. Doc. 128.