UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-132 |
| OLIVER PIERRE | SECTION "E" |

## ORDER AND REASONS

Before the Court is a motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or a request for home confinement filed by Petitioner Oliver Pierre ("Petitioner"). [1] The Government filed an opposition. [2] For the reasons that follow, Petitioner's motion is **DENIED WITHOUT PREJUDICE.**

## BACKGROUND

On June 13, 2019, Petitioner pleaded guilty pursuant to a plea agreement to one count of a two-count indictment of Conspiracy to Distribute and Possess with Intent to Distribute Two Hundred Eighty Grams or More of Cocaine Base ("Crack"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846. [3] He was sentenced on December 11, 2019 to imprisonment for a term of 120 months. [4] Petitioner is currently housed at the Yazoo City Federal Correctional Institution-Medium ("Yazoo City FCI"). [5]

On July 1, 2020, Petitioner submitted a request for administrative remedy with the Warden of Yazoo City FCI. [6] In his request, Petitioner sought compassionate release or release to home confinement, relying on the threat posed by the COVID-19 pandemic and

---

[1] R. Doc. 148.
[2] R. Doc. 151.
[3] R. Docs. 89 and 90.
[4] R. Doc. 119 at 2.
[5] R. Doc. 89 at 1.
[6] *See* R. Doc. 125 at p. 2; *see also* R. Doc. 148-1 at p. 3.

his alleged susceptibility to COVID-19 due to being immunocompromised by years of smoking and a family history of heart problems.[7] Petitioner's July 2020 request was denied by the Warden.[8] On November 20, 2020, Petitioner filed a motion for compassionate release[9] with this Court, and attached his July 2020 request to the Warden.[10] The Court found Petitioner exhausted his administrative remedies and addressed the merits of his motion.[11] Specifically, the Court considered whether extraordinary and compelling reasons are present for compassionate release because Petitioner allegedly suffers from immune deficiencies from years of smoking and family history of heart conditions rendering him susceptible to COVID-19.[12] The Court found extraordinary and compelling reasons were not present, and that, even if such reasons were present, the factors in 18 U.S.C. § 3553(a) weighed against reducing Petitioner's sentence.[13] The Court therefore denied Petitioner's motion for compassionate release.[14]

On June 21, 2021, Petitioner filed a second motion for compassionate release with this Court (the "instant motion").[15] In the instant motion, Petitioner alleges he is "dealing with high blood pressure, high cholesterol, anxiety, [and] very serious panic attacks."[16] Petitioner attached his July 2020 request to the Warden to the instant motion.[17] The only request Petitioner has filed with the Warden is the July 2020 request, which raises only

---

[7] *Id.*
[8] *See* R. Doc. 148-1 at p. 4.
[9] R. Doc. 125 at p. 1.
[10] *Id.* at p. 2.
[11] R. Doc. 133.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] R. Doc. 148.
[16] R. Doc. 148-1 at p. 5.
[17] *Id.* at p. 3.

his susceptibility to COVID-19 due to being immunocompromised by years of smoking and a family history of heart problems.[18]

## LAW AND ANALYSIS

### I.    Petitioner has failed to administratively exhaust his remedies.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." [19] Finality is an important attribute of criminal judgments and is "essential to the operation of our criminal justice system."[20] Consistent with the principle of finality, 18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[21]

As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[22] In this case, the BOP has not filed a motion to reduce Petitioner's sentence. Instead, Petitioner filed the motion on his own behalf. Courts may consider a defendant's motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is met. [23] Section 3582(c)(1)(A) provides the court may consider a defendant's motion for reduction of a term of imprisonment only

> . . . after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .[24]

---

[18] *See* R. Doc. 125 at p. 2; R. Doc. 148-1 at p. 3.
[19] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[20] *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion).
[21] 18 U.S.C. § 3582(c).
[22] *Id.* § 3582(c)(1)(A).
[23] *See id.*
[24] *Id.*

The exhaustion requirement is clearly mandatory—a court may not modify a term of imprisonment if a defendant has not first filed a request with BOP.[25] In addition, there are no exceptions to the exhaustion requirement.[26] A defendant's motion can only be considered if he: (1) he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) 30 days have lapsed from the warden's receipt of a defendant's request to bring a motion for compassionate release.[27]

In the instant motion, Petitioner alleges he administratively exhausted his remedies because he filed the request with the Warden on July 1, 2020.[28] Although he is not explicit on the matter, the obvious implication is Petitioner believes he exhausted all of his administrative rights because more than 30 days have lapsed since the Warden's receipt of Petitioner's July 2020 request. Thus, Petitioner argues his prior request to the Warden from July 2020 permits him to bring the instant motion. In its opposition, the Government argues "[b]ecause defendant's instant motion alleges different medical issues from the ones alleged in his request to the warden, it is considered a new claim and defendant is required to exhaust his administrative remedies before raising his claim in District Court as set forth in 18 U.S.C. § 3582(c)(1)(A)."[29] The Court agrees with the Government.

In *United States v. Samak*, a prisoner filed requests for compassionate release with the warden in 2017 and 2018.[30] The 2017 and 2018 requests did not refer to COVID-19.[31] In May of 2020, the prisoner filed a motion for compassionate release before this Court,

---

[25] *United States v. Franco*, 2020 WL 5249369 at *3 (5th Cir. Sept. 3, 2020).
[26] *United States v. Samak*, No. CR 91-189, 2020 WL 2473780, at *1 (E.D. La. May 13, 2020); *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).
[27] *See* 18 U.S.C. § 3582(c)(1)(A).
[28] R. Doc. 148 at pp. 2–3.
[29] R. Doc. 151 at p. 8.
[30] *United States v. Samak*, No. CR 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020).
[31] *Id.*

raising concerns related to COVID-19.[32] The Court found that the prisoner's 2017 and 2018 requests to the warden did not exhaust his administrative remedies because the requests were not based on the same grounds raised in his motion for compassionate release. [33] This Court held "[f]or a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court."[34]

In this case, Petitioner's July 2020 request to the Warden is not premised on the same facts alleged in the instant motion.[35] Petitioner's July 2020 request only referred to his susceptibility to COVID-19 due to being immunocompromised, and did not raise the grounds he now raises in his instant motion, namely, high cholesterol, high blood pressure, anxiety and panic attacks.[36] A prior request to the warden on different grounds does not satisfy the exhaustion requirement.[37] Because Petitioner's instant motion[38] is not based on the same grounds raised in his July 2020 request to the Warden, Petitioner has not exhausted his administrative remedies.

## II. Pierre's Request for Release to Home Confinement under 18 U.S.C. § 4205(g) is Denied

In addition to requesting a reduction in his sentence pursuant to § 3582(c)(1)(A), Pierre alternatively seeks a reduction in his sentence under 42 U.S.C. § 4205(g) that would allow him to serve the remainder of his custodial term in home confinement.[39]

---

[32] *Id.* at *1 (E.D. La. May 13, 2020).
[33] *Id.* at *2 (E.D. La. May 13, 2020).
[34] *Id.*
[35] *Compare* R. Doc. 148-1 at p. 3 *with* R. Doc. 148 at pp. 5–6.
[36] *Id.*
[37] *See Samak*, 2020 WL 2473780, at *2; *see also United States v. Walls,* No. 92-CR-80236, 2020 WL 1934963, at *3 (E.D. Mich. Apr. 22, 2020); *United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020).
[38] R. Doc. 148.
[39] *Id.*

18 U.S.C. § 4205(g) states: "At any time *upon motion of the Bureau of Prisons*, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required."[40] The Court has not received such a motion from the Bureau of Prisons, so the aforementioned statute is not applicable in the instant matter.

District courts may reduce a prison sentence only as permitted by specific statute or rule.[41] 18 U.S.C. § 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment,"[42] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period," under certain circumstances.[43] As a result, BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[44]

Because Pierre seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[45] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district where Pierre is incarcerated. Pierre is incarcerated in Yazoo City, Mississippi. Thus, any such motion must be brought in the United States District Court for the Southern District of Mississippi, which encompasses Yazoo City, Mississippi.

---

[40] Emphasis added.
[41] *See* Fed. R. Crim. P. 35.
[42] 18 U.S.C. § 3621(b) (emphasis added).
[43] 18 U.S.C. § 3622 (emphasis added).
[44] 18 U.S.C. § 3621(B); *see also United States v. Snead*, 63 F.3d 281, 389 n.6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration").
[45] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

As a result, the Court must deny the instant motion for home confinement, as this Court lacks authority under 18 U.S.C. § 3622 to direct BOP to transfer Pierre to home confinement.

## **CONCLUSION**

**IT IS ORDERED** that Petitioner Oliver Pierre's motion for compassionate release is **DENIED WITHOUT PREJUDICE**.[46]

**IT IS FURTHER ORDERED** that the Clerk of Court provide a copy of this order to Pierre at the following address:

> **Clerk to Notify**
>
> Oliver Pierre
> #37308-034
> Yazoo City Medium
> Federal Correctional Institution
> P.O. Box 5888
> Yazoo City, Mississippi 39194

**New Orleans, Louisiana, this 10th day of August, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[46] R. Doc. 148.